IN THE UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **OSCAR DANIEL GRANADOS** § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> **DEPUTY DOUGLAS BROOKS, DEPUTY** § <br> **FRANCISCO MEDRANO, HIDALGO COUNTY** § <br> **SHERIFF LUPE TREVINO AND HIDALGO** § <br> **COUNTY,** § <br> **Defendants.** § | **CIVIL ACTION NO.: _____** <br> **JURY REQUESTED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW, Plaintiff Oscar Daniel Granados and files this his Original Complaint against Defendants Deputy Douglas Brooks, Deputy Francisco Medrano, former Hidalgo County Sheriff Lupe Trevino and Hidalgo County, and respectfully brings his causes of action before this court.

### I.   INTRODUCTION

1. This is an action for Constitutional Violations and state law personal injuries by Plaintiff as a result of the unreasonable search and seizure and use of excessive force and personal injury of Oscar Daniel Granados. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Mr. Granados of his federally-protected right to be free from unreasonable seizure and unreasonable force. U.S. CONST. amends. IV, XIV.

2. As a direct result of the policies, practices, customs and procedures of Hidalgo County ("County"), Mr. Granados was intentionally deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution. Defendants, Douglas Brooks and Francisco Medrano, Hidalgo

1

County Sheriff's Deputies, acting in the course and scope of their employment with Hidalgo County, and acting under color of state law, unjustifiably used excessive force and caused personal injuries to Mr. Granados under circumstances where no reasonable law enforcement officer would have done so.  Under long established law on excessive force, Deputy Douglas Brooks and Deputy Francisco Medrano are not entitled to qualified or other immunity for these actions.

## II.  JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amended to the United States Constitution.  This court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights).  This court has further jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue lies in the U.S. Southern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

5. Plaintiff Oscar Daniel Granados is a natural person who resides in San Juan, Hidalgo County, Texas.

6. Defendant Hidalgo County ("County") is a governmental body, a county in the State of Texas, operating pursuant to the Constitution and the laws of the State of Texas within the U.S. Southern District of Texas.  Defendant, Hidalgo County May be served via its County Judge, the Hon. Ramon Garcia at 100 E. Cano, Edinburg, Texas 78539.

7. Defendant Deputy Douglas Brooks ("Deputy Brooks") is an individual residing in Hidalgo County, Texas.  The acts and omissions complained of herein arise from the conduct of Defendant Douglas Brooks while he was acting under color of state law, each and act and

2

omission was committed pursuant to Deputy Brooks' employment and authority as a law enforcement officer with the County of Hidalgo.  Defendant Deputy Brooks may be served with process at his place of employment located at 701 El Cibolo Road, Edinburg, Hidalgo County, Texas, or wherever he may be found.

8.      Defendant Deputy Francisco Medrano ("Deputy Medrano") is an individual residing in Hidalgo County, Texas.  The acts and omissions complained of herein arise from the conduct of Defendant Douglas Brooks while he was acting under color of state law, each and act and omission was committed pursuant to Deputy Brooks' employment and authority as a law enforcement officer with the County of Hidalgo.  Defendant Deputy Brooks may be served with process at his place of employment located at 701 El Cibolo Road, Edinburg, Hidalgo County, Texas, or wherever he may be found.

9.      Defendant former Hidalgo County Sheriff Lupe Trevino, was the Hidalgo County Sheriff for the County at all relevant times herein.  Defendant Lupe Trevino may be served with process at 701 El Cibolo Road, Edinburg, Hidalgo County, Texas, or wherever he may be found.

### IV.    FACTS

10.     The events that make the basis of this suit occurred on or about June 8, 2013.  On said date, Mr. Granados was at his residence located in San Juan, Hidalgo County, Texas, and Deputies Brooks and Medrano were working as Hidalgo County Sheriff's Deputies on call that evening.  The Defendants were called out to the Plaintiff's place of residence due to a minor disturbance.  Upon arrival, Deputies approached Plaintiff and instructed him to stop walking and moving his arms.  Due to Plaintiff suffering from Huntington's Disease, Plaintiff was unable to comply with the Deputies' orders.  Due to Plaintiff's refusal to comply with their commands, Deputies Brooks and Medrano drew their guns.  Deputy Brooks and Medrano began to fire their weapon at Plaintiff repeatedly.  As a result of Deputy Brooks' and Deputy Medrano's actions, Plaintiff was shot in his mid region and in his arms and hands.  Deputy Brooks and Deputy

Medrano fired their guns at Plaintiff thereby violating the rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution.

11. Deputy Brooks and Deputy Medrano opened fire intentionally, wantonly, maliciously, and/or with deliberate disregard to the civil rights of Plaintiff. At the time Deputies Brooks and Medrano shot Plaintiff, he did not pose a significant threat of death or serious physical injury to Deputies Brooks and Medrano or anyone else.

12. Defendants proximately caused Plaintiff to suffer physical harm, mental anguish, emotional distress, pain and suffering and loss of future earning.

13. At all times material hereto, Deputy Brooks and Deputy Medrano were acting within the course and scope of their employment with the County. At all material times, Deputy Brooks and Deputy Medrano were actors under color of state law.

14. All of the acts and omissions complained of herein were objectively unreasonable because of the surrounding circumstances as well as the clearly established law in effect at the time of the Defendants' actions and/or omissions. Additionally, all of the acts and/or omissions of Defendants were wanton, malicious, and done in conscious disregard of, and with deliberate indifference to, the rights and needs of Plaintiff's rendering appropriate the award of punitive damages.

## V.   CAUSES OF ACTION

### A.

### HIDALGO COUNTY

Plaintiff incorporates all of the aforementioned Facts in numeral IV.

15. Defendant Hidalgo County has a policy and/or custom of condoning and authorizing the use of excessive force/deadly force against suspects and/or individuals either in custody or not. The County, acting with deliberate indifference toward Mr. Granados and to the rights of persons whom the police would come into contact with, failed to adequately select, screen educate, train, supervise, or otherwise direct the Deputies of the Hidalgo County

Sheriff's Department and thus caused the violation of Plaintiff's Fourth Amendment rights. Defendant Hidalgo County had actual or constructive knowledge of this persistent, widespread practice of excessive force thus knowledge that the violation would most likely occur.

16.     The County did not overtly personally participate in the aforementioned offensive acts; however, Defendant is liable, as a policy maker, because they permit the systematic maladministration of the law.  Defendant's Sheriff's Department have had other instances in which excessive force is alleged against his officers which clearly demonstrates a pattern of such behavior.  Defendant was deliberately indifferent concerning the training and supervision of the aforementioned Deputies in that it failed to adequately screen supervise and train the Defendant's officer and there is a causal connection between these violations and Plaintiff's allegation of excessive force and Deputies Brooks' and Medrano's aforementioned failures amount to deliberate indifference to Plaintiff's constitutional rights.  The current screening, supervision and training mechanisms utilized by the Hidalgo County Sheriff's Department are deficient and the County knew or should have known of the deficiencies and patterns and he failed to reasonably address the deficiencies.

**B.**

**FORMER HIDALGO COUNTY SHERIFF LUPE TREVINO**

Plaintiff incorporates all of the aforementioned Facts in numeral IV.

17.     Defendant Trevino did not overtly personally participate in the aforementioned offensive acts; however, Defendant is liable, as a policy maker, because he permitted the systematic maladministration of the law.  Defendant's Department have had other instances in which excessive force is alleged against his Deputies which clearly demonstrates a pattern of such behavior.  Defendant was deliberately indifferent concerning the training and supervision of the aforementioned Deputies in that he failed to adequately screen, supervise and train the Defendant Deputies and there is a causal connection between these violations and Plaintiff's allegation of excessive force and Defendant Trevino's aforementioned failures amount to

5

deliberate indifference to Plaintiff's constitutional rights. The screening, supervision and training mechanisms utilized by the Hidalgo County Sheriff's Department are deficient and Defendant Trevino knew or should have known of the deficiencies and patterns and he failed to reasonably address the deficiencies.

**C.**

**DEPUTY DOUGLAS BROOKS**

Plaintiff incorporates all of the aforementioned Facts in numeral IV.

18.     The aforementioned facts amount to an unreasonable seizure and wrongful use of excessive force when Deputy Douglas Brooks used deadly force against Plaintiff in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution. These causes of action are constitutional torts as labeled by numerous federal courts and thus are actionable under 42 USC § 1983.

19.     Defendants are jointly and severally liable to Plaintiff for compensatory damages and statutory attorney's fees. In addition, Defendants are separately liable for punitive damages.

**D.**

**DEPUTY FRANCISCO MEDRANO**

Plaintiff incorporates all of the aforementioned Facts in numeral IV.

20.     The aforementioned facts amount to an unreasonable seizure and wrongful use of excessive force when Deputy Francisco Medrano used deadly force against Plaintiff in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution. These causes of action are constitutional torts as labeled by numerous federal courts and thus are actionable under 42 USC § 1983.

21.     Defendants are jointly and severally liable to Plaintiff for compensatory damages and statutory attorney's fees. In addition, Defendants are separately liable for punitive damages.

## VI.   ATTORNEY'S FEES

22.   Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976.49 U.S.C. § 1988.  Plaintiff thereby request that the Court and jury award their attorney's fees and expenses.

## VII.   JURY DEMAND

23.   Plaintiff respectfully demand a jury trial pursuant to FED.R.CIV. P.8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

Law Office of Dennis Ramirez, PLLC
111 N. 17th Street, Suite D
Donna, Texas 78537
Telephone: (956) 461-2890
Facsimile: (956) 287-3245
Email: dramirezlaw@gmail.com

*/s/ Dennis Ramirez*
DENNIS RAMIREZ
State Bar No. 24037327
Fed. ID No. 27204

**Attorney for Plaintiff**