United States District Court
Southern District of Texas
**ENTERED**
December 14, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OSCAR DANIEL GRANADOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-256 |
| | § | |
| DEPUTY DOUGLAS BROOKS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are two motions: a motion for summary judgment[1] filed by

Deputy Douglas Brooks ("Brooks"); Deputy Francisco Medrano ("Medrano"); and Hidalgo

County, Texas ("Hidalgo County") ("collectively Defendants")[2] and the self-styled "Defendant

Hidalgo County's Opposed Motion to Dismiss Plaintiff's Causes of Action Against Defendant

Former Hidalgo County Sheriff Lupe Trevino Under Federal Rule 4(m),"[3] filed by Hidalgo

County. Plaintiff Oscar Daniel Granados ("Plaintiff") did not file a response to either motion.

Therefore, the Court considers both motions unopposed.[4] After considering the motions and

relevant authorities, the Court **GRANTS** both motions in their entirety.

### I. Background

On June 8, 2015, Plaintiff filed suit in this Court.[5] Plaintiff alleges that on June 8, 2013,

Deputies Brooks and Medrano were called out to Plaintiff's home in response to a minor

disturbance at his residence. Plaintiff further alleges that when responding to this disturbance,

---

[1] Dkt. No. 11 ("Motion for Summary Judgment").
[2] The Court notes that on September 22, 2015, Defendants filed a motion for summary judgment and an amended motion for summary judgment which appear to be identical in substance.
[3] Dkt. No. 12 ("Motion to Dismiss").
[4] LR 7.4.
[5] Dkt. No. 1.

Brooks and Medrano shot Plaintiff in "his mid region and in his arms and hands"[6] when he was unable to comply with their commands due to the fact that Plaintiff suffers from Huntington's Disease.[7] As a result, Plaintiff asserts causes of actions against Defendants and former Sheriff Lupe Trevino ("Trevino") for violating his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.

## II. Motion to Dismiss

In its motion to dismiss, Hidalgo County asserts that dismissal of Trevino is proper because "[t]he Court gave Plaintiff notice of his Rule 4(m) deadline to serve this Defendant in its order of August 5, 2015 and, despite such notice, Defendant Treviño remains unserved."[8] Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.[9] But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[10] Under the 120 day standard, Plaintiff should have effectuated service on Trevino by October 6, 2015.

The Court finds that Plaintiff has not shown good cause for his failure to serve Trevino. In the instant case, Plaintiff did not request issuance of summons as to any of the parties until almost two months after the original complaint was filed. When Plaintiff finally requested issuance of summons for Defendants,[11] he failed to request a summons for Trevino. Furthermore, Plaintiff has proffered no explanation as to why Trevino has yet to be served. As noted in

---

[6] *Id.* at ¶ 10.
[7] *Id.*
[8] Motion to Dismiss at ¶ 2.3.
[9] The Rule has since been amended, effective December 1, 2015 to shorten the time to 90 days.
[10] Fed. R. Civ. P. 4(m).
[11] Dkt. No. 4.

Hidalgo County's motion, it is well known that Trevino is currently incarcerated and he could easily be served. Therefore, since there is a complete absence of any effort to serve Trevino, the Court **GRANTS** the motion and **DISMISSES** Trevino from the case **without prejudice**. The Court now addresses Defendants' motion for summary judgment.

### III. Summary Judgment Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A fact is "material" if its resolution could affect the outcome of the action,[13] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[14] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[15]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[16] In this showing, "bald assertions of ultimate fact" are insufficient.[17] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[18] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[19] If the movant meets its initial burden, the non-movant must then demonstrate the

---

[12] FED. R. CIV. P. 56(a).
[13] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[14] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[16] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[17] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[18] *See Celotex Corp.*, 477 U.S. at 323.
[19] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

existence of a genuine issue of material fact.[20] This demonstration must specifically indicate facts and their significance,[21] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[22]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[23]  Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[24]

Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[25]  Parties may cite to any part of the record, or bring evidence in the motion and response.[26]  By either method, parties need not proffer evidence in a form admissible at trial,[27] but must proffer evidence substantively admissible at trial.[28]

### IV. Discussion

As basis for their motion for summary judgment, Defendants assert that Plaintiff's causes of action are barred by the applicable statute of limitations.[29] "There is no federal statute

---

[20] *See id.*

[21] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[22] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[23] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

[24] *See id.*

[25] *See* FED.R.CIV. P. 56(e).

[26] *See* FED. R. CIV. P. 56(c).

[27] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[28] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

[29] Motion for Summary Judgment at ¶ 3.5.

of limitations for civil rights actions brought pursuant to § 1983. Consequently, courts construing § 1983 'borrow' the forum state's general personal injury limitations period."[30] In Texas, actions for "personal injury . . . [must be brought] not later than two years after the day the cause of action accrues."[31] When the cause of action accrues is decided by Federal law which dictates that "the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[32]

Clearly when Plaintiff was shot by Brooks and Medrano on June 8, 2013, Plaintiff had sufficient information to know he had been injured. Therefore, Plaintiff was required to file his suit within 2 years; that is, no later than June 8, 2015. Plaintiff did so. However, "[t]o satisfy the statute of limitations [for personal injury claims] in Texas, 'the plaintiff must not only file the petition within the two-year period, *but must also use diligence in serving the defendant with process*.'"[33] "Generally, the exercise of due diligence is a question of fact. However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff's failure to timely serve notice of process"[34] Additionally, when "a defendant's motion for summary judgment shows a lack of timely service, the burden shifts to the plaintiff to explain the delay."[35] Defendant's motion for summary judgment here shows a lack of diligence; thus, Plaintiff must raise a fact issue explaining the delay.

---

[30] *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (citing *Owens v. Okure*, 488 U.S. 235, 249–50, (1989)).

[31] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

[32] *Russell v. Bd. of Trustees of Firemen, Policemen & Fire Alarm Operators' Pension Fund of Dall., Tex.,* 968 F.2d 489, 493 (5th Cir.1992) (citations omitted).

[33] *Rogers v. Dunham*, 478 F. Appx. 875, 877 (5th Cir. 2012) (quoting *Tranter v. Duemling*, 129 S.W.3d 257, 259–60 (Tex.App.-El Paso 2004).

[34] *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex.App.–Houston [1st Dist.] 1999, pet. denied).

[35] *Gunderman v. Buehring*, No. 13-05-278-CV, 2006 WL 240517, at *2 (Tex. App.—Corpus Christi Feb. 2, 2006, pet. denied) (mem. op.).

As noted earlier, Plaintiff did not request issuance of summons for any of the parties until almost two months after he filed suit. However, from the time he filed suit, Plaintiff was on notice that failure to timely serve Defendants could result in dismissal.[36] Not simply did Plaintiff initially fail to request summons be issued, he failed to file his certificate of interested parties, and failed to take any action regarding the initial pretrial conference. In fact, Plaintiff's request for summons did not occur until after the Court re-scheduled the initial conference and ordered Plaintiff to file a report explaining why efforts for service had not yet begun.[37] Moreover, Plaintiff failed to comply with that order and has failed to offer any reason for his failure to timely serve Defendants.

Plaintiff's failure to offer any explanation whatsoever for his failure to obtain service until after limitations had run constitutes a lack of diligence.[38] As another District Court in this Circuit has aptly noted, "any [unexplained] delay after the expiration of the limitations period is significant, whether one day or three months."[39] Thus, the Court finds that Plaintiff's causes of action against Defendants are barred by the statute of limitations. The Court therefore **GRANTS** Defendants' motion for summary judgment.

### V.   Show Cause Hearing

As a final matter, the Court notes that Plaintiff has failed numerous times over the course of this case to comply with the Court's orders. First, Plaintiff failed to file his certificate of interested parties as ordered by the Court in the Order for Conference. Second, Plaintiff failed to comply with the original filing deadline of the Joint Discovery/Case Management Plan.[40]

---

[36] Dkt. 2, ¶ 3.
[37] Dkt. No. 3.
[38] *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.—Dallas 2001, no pet.).
[39] *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1020 (W.D. Tex. 2000) (citing *Eichel v. Ullah*, 831 S.W.2d 42, 43 (Tex. App.—El Paso 1992, no writ) (holding that plaintiff's delay, even if for only two months, without any activity aimed at notifying or serving the defendant established a lack of due diligence as a matter of law).
[40] Dkt. No. 3.

Plaintiff was ordered to inform the Court why service was not timely initiated, and Plaintiff failed to respond to the Court's order. Finally, Plaintiff once again failed to timely file an updated Joint Discovery/Case Management Plan.[41] For their part, Defendants were also ordered to show cause for failing to timely file the updated Joint Discovery/Case Management Plan.[42] Additionally, both Plaintiff and Defendants failed to appear for the show cause hearing scheduled for November 19, 2015.[43] Thus, the Court finds that although the motion for summary judgment has been granted, the parties nevertheless should appear before the Court to show cause regarding the aforementioned issues.

## VI. Holding

For the foregoing reasons, the Court **GRANTS** Hidalgo County's motion to dismiss, **DISMISSES** Trevino from the case **without prejudice,** and **GRANTS** Defendants' motion for summary judgment. Accordingly, Plaintiff's claims against Brooks, Medrano, and Hidalgo County are **DISMISSED with prejudice**. Additionally, counsel for each party is hereby **ORDERED** to appear before the Court on **December 15, 2015 at 9 a.m.**, to show cause for their failures as previously noted.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of December, 2015.

Micaela Alvarez
United States District Judge

---

[41] Dkt. No. 13.
[42] *Id*.
[43] See Minute Entry for November 19, 2015.